UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW TECHNOLOGIES, INC.,

          Plaintiff,

v.                                   Case No. 12-15622

ROBERT BOSCH, L.L.C., et al.,       HON. TERRENCE G. BERG
                                               HON. MONA K. MAJZOUB

          Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS**

On April 22, 2013, Plaintiff filed a motion: (1) to serve Defendants Robert Bosch GmbH and Robert Bosch Engineering GmbH under Federal Rule of Civil Procedure 4(h)(2) and 4(f)(3); and (2) for an extension of time to serve Defendants Bosch Engineering North America, Robert Bosch GmbH, and Robert Bosch Engineering GmbH (Doc. 13).

For the reasons set forth below, it is ORDERED that Plaintiff's Motion (Doc. 13) is GRANTED, such that:

(1) Plaintiff may, in accordance with Federal Rule of Civil Procedure 4(h)(2) and 4(f)(3), serve Defendants Robert Bosch GmbH and Robert Bosch Engineering GmbH through the related domestic Defendants, Robert Bosch LLC and Bosch Engineering North America, *with copies sent via electronic mail to their domestic counsel, Erik G. Swenson of Fulbright & Jaworski LLP*; and

(2) Plaintiff has until May 25 to effect service upon Defendants Bosch Engineering North America, Robert Bosch GmbH, and Robert Bosch Engineering GmbH, and the summonses issued on December 26, 2012, will remain valid until May 25, 2013.

## I. FACTUAL BACKGROUND

On December 21, 2012, Plaintiff filed its Complaint against Defendants, Robert Bosch LLC, Bosch Engineering North America, Robert Bosch GmbH, and Robert Bosch Engineering GmbH, alleging that Defendants violated two patents held by Plaintiff (Am. Compl. ¶ 1). Robert Bosch GmbH is the parent company of the other three defendants (Pl.'s Mot. Ex. 1, at 1, ECF No. 13-2).

Summonses were issued for each Defendant on December 26, 2012 (ECF No. 5). Plaintiff attempted to serve Defendants Robert Bosch GmbH and Robert Bosch Engineering GmbH (the "German Defendants") through Robert Bosch LLC's registered agent in Michigan and through Robert Bosch LLC's counsel in this matter—who has at times acted in other matters as counsel for Robert Bosch GmbH—Erik Swenson, and on both occasions service was refused (Pl.'s Mot. Exs. 14, 15, 17, ECF Nos. 13-15, 13-16, 13-18).

## II. ANALYSIS

Rule 4(h)(2) of the Federal Rules of Civil Procedure authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Subsection 4(f)(3) permits service in a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." "Thus, service under Rule 4(f)(3) is permissible if (1) directed by the Court; and (2) not prohibited by international agreement." *Elcometer, Inc. v. TQC–USA, Inc.*, No. 12-CV-14628, 2013 WL 592660 (E.D. Mich. Feb. 14, 2013) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). In concluding that Rule 4(f)(3) is neither a "last resort" nor limited to application in extraordinary

circumstances the *Rio Properties* court found that alternate service of process under Rule 4(f)(3) is available "without first attempting service by other means" and that 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief.' . . . [i]t is merely one means among several [that] enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015 (citation omitted).

Here, the German Defendants are located in Germany, which is, along with the United States, a party to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. 20 U.S.T. 361, T.I.A.S. No. 6638, Nov. 15, 1965 ("the Convention"). The Convention provides the exclusive means of effecting service of process "in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). But the Supreme Court of the United States has also held that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends" and international service under the Convention is not required. *See id.* at 707–08.

Plaintiff requests that the Court authorize service upon the German Defendants though their domestic subsidiaries and their domestic counsel. There is no apparent reason "why transmittal abroad would be required in this case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel." *Crago, Inc. v. Chunghwa Picture Tubes, Ltd. (In Re Cathode Ray Tube (CRT) Antitrust Litigation),* No. 07-5944 SC, 2008 WL 4104341 (N.D. Cal. Sept. 3, 2008) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

Because the Convention applies only when transmittal abroad is required, it therefore does not prohibit the ordered method of service on Defendants under Rule 4(f)(3).

The only remaining questions are whether the proposed method of service meets the Constitutional Due Process requirement and is in accordance with the federal and incorporated applicable state law regarding service requirements.

"[T]he Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Volkswagenwerk Aktiengesellschaft*, 468 U.S. at 707 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). There is no question that the ordered method of service, if performed, will meet this standard. Robert Bosch LLC is a wholly owned subsidiary of Robert Bosch GmbH, and the two companies share at least one member of their management group (Pl.'s Mot. Exs. 1 and 2.) Further, the ordered method of service requires that Plaintiff provide Bosch LLC's counsel in this matter, Erik Swenson, copies of service via electronic mail. Even if service of Robert Bosch GmbH through Robert Bosch LLP were somehow—inexplicably—ineffective, Mr. Swenson's current representation of both Robert Bosch LLP and Robert Bosch GmbH (*see, e.g.*, *Snap-on, Inc. v. Robert Bosch, LLC*, No. 09-cv-06914 (N.D. Ill.)) is such that he could—undoubtedly—easily provide sufficient notice to his client, Robert Bosch GmbH. As to Robert Bosch Engineering GmbH, if it is somehow not notified by Robert Bosch LLP or Bosch Engineering

4

North America, and Erik Swenson, that notification could easily be made by the parent company, Robert Bosch GmbH.

Lastly, this Court can see no way in which the planned method of service would be prohibited by or contrary to the applicable federal and state law regarding service.

### III. CONCLUSION

Plaintiff's motion for alternate service and an extension of time (Doc. 13) is GRANTED as set forth on the first page of this order.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 25, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager
