UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW TECHNOLOGIES, INC.,

                Plaintiff,

v.                                 Case No. 12-15622

ROBERT BOSCH, L.L.C., et al.,        HON. TERRENCE G. BERG
                                                        HON. MONA K. MAJZOUB
                Defendants.
_____/

**ORDER GRANTING DEFENDANT ROBERT BOSCH LLC'S
MOTION TO VACATE THE COURT'S APRIL 25, 2013 ORDER**

On April 30, 2013, Defendant Robert Bosch LLC filed a motion to vacate the order this Court issued on April 25, 2013, permitting alternative service of process on Defendants Robert Bosch GmbH and Robert Bosch Engineering GmbH.

For the reasons set forth below, Defendant Robert Bosch LLC's motion (Dkt. 16) is GRANTED and it is hereby ORDERED that:

(1) The Court's April 25, 2013 Order (Dkt. 14) is VACATED and any service made under that order is QUASHED;

(2) Defendant Bosch LLC's Motion for Accelerated Resolution (Dkt. 17) is DENIED AS MOOT;

(3) Plaintiff may serve process on the German defendants as otherwise permitted by the Federal Rules of Civil Procedure; and

(4) Plaintiff has until December 1, 2013, to effect domestic service upon Defendants Bosch Engineering North America, Robert Bosch GmbH, and Bosch Engineering GmbH, and the summonses issued on December 26, 2012, will remain valid for that purpose until December 1, 2013. Alternatively, the summonses will remain valid for international service until October 1, 2014.

I.  FACTUAL BACKGROUND

Plaintiff Drew Technologies has sued four "Bosch Entities" for patent infringement. The Bosch Entities named in the complaint are Robert Bosch LLC ("Bosch LLC"), Bosch Engineering North America, Robert Bosch GmbH, and Bosch Engineering GmbH. (Dkt. 6.) The Complaint alleges Bosch LLC is a Delaware corporation with its principal place of business in Farmington Hills, Michigan, Bosch Engineering North America is a subsidiary of Bosch LLC operating in Michigan, and both Robert Bosch GmbH and Bosch Engineering GmbH are German companies with principal places of business in Germany. (Dkt. 6.)

In its amended answer, Bosch LLC admits that it is organized and exists under the laws of Delaware. (Dkt. 15 at 2.) Bosch LLC denies that Bosch Engineering North America is a subsidiary of Bosch LLC (Dkt. 15 at 3), and further states that it does not believe Bosch Engineering North America even exists. (Dkt. 16 at 2 n.1.) Bosch LLC claims it has no knowledge or information sufficient to admit or deny that Robert Bosch GmbH and Bosch Engineering GmbH are German companies with their principal places of businesses in Germany. (Dkt. 15 at 3.)

Plaintiff served Bosch LLC on March 22, 2013, but the registered agent for Bosch LLC refused to accept service for any of the other Bosch Entities. (Dkt. 13 at 1.) On April 22, 2013, Plaintiff filed a motion seeking authorization to serve Defendants Robert Bosch GmbH and Bosch Engineering GmbH under Federal Rule of Civil Procedure 4(f)(3) through the related U.S. Defendants Robert Bosch LLC or Bosch Engineering North America, or through Bosch's U.S. Counsel. (*Id.*) The Court

2

granted this motion on April 25, 2013. (Dkt. 14.) Defendant Bosch LLC moved for reconsideration of the Court's April 25, 2013 Order on April 30, 2013. (Dkt. 16.)

## II. STANDARD OF REVIEW

Bosch LLC styled its motion as one brought under Federal Rule of Civil Procedure 59(e), and further titled it as a motion to vacate the prior order. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Under Local Rule 7.1, the Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## III. ANALYSIS

Most of the arguments raised by Bosch LLC are unpersuasive. But because Bosch LLC is correct that service on a corporation made under Rule 4(h)(2) and 4(f)(3) is plainly limited to service made outside of the United States, the Court will

3

grant Bosch LLC's motion and vacate the prior order. There is no need to address Bosch LLC's other arguments.[1]

### A. Court Ordered Service Under Rule 4(f)(3) May Be Effected Only Outside of a Judicial District of the United States.

As the German defendants are both corporations, they must be served under Rule 4(h), which provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be *served*:
>
>   (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
>   (2) *at a place not within any judicial district of the United States*, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h) (emphasis added). It is clear that Rule 4(h)(2) may be used only when *the service* will occur outside of the United States. It is equally clear that service made under Rule 4(f) may be made only outside of the United States—

> Unless federal law provides otherwise, an individual . . . may *be served at a place not within any judicial district of the United States*:

---

[1] Bosch LLC's point that the Court did not previously have the benefit of Bosch LLC's argument and point of view is well taken. (Dkt. 16 at 2.) For that reason the Court does not treat any of Bosch LLC's arguments as arguments previously made. The Court does note, however, that motions for alternative service are by their nature typically made as ex parte motions, and that Bosch LLC seems in an unusual position, apparently authorized to advocate in this Court on behalf of the German defendants but not to accept service on their behalf.

4

    (1)  by any internationally agreed means of service . . . such as those authorized by the Hague Convention . . . ;

    (2)  if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

        (A)  as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B)  as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C)  unless prohibited by the foreign country's law, by:

            i.  delivering a copy of the summons and of the complaint to the individual personally; or

            ii.  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3)  by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f) (emphasis added).

As the Plaintiff sought, and the Court issued, an order authorizing alternative service under Rule 4(f)(3) that was to occur within the United States, that order must be vacated—Court ordered service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States.[2]

### B.    Service Within the United States Under Other Provisions of the Federal Rules of Civil Procedure.

For Plaintiff to serve process on the German defendants *within the United States*, that service must be made under Rule 4(h)(1). Based on the information contained in the pleadings, it may be possible to serve defendant Robert Bosch

---

[2] The Court is of course aware of the several cases cited by Plaintiff, and others, where other courts have authorized service within the United States under Rule 4(f)(3), including the Ninth Circuit in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). But none of those rulings are binding on this Court, and the Court is not aware of any binding authority that is contrary to this determination. In the opinion of this Court, the plain language of the Rule is clear.

GmbH under either Rule 4(h)(1)(A) or (B).[3]  (Dkts. 13, 13-3.)

As Chairman of Bosch LLC, Werner Struth is presumably at least occasionally located within the United States. Struth is also listed as "a member of the board of management[4] of Robert Bosch GmbH, headquartered in Stuttgart, Germany, with responsibility for the region North and South America."[5] Robert Bosch GmbH further identifies Struth as:

> a Member of the Board of Management of Robert Bosch GmbH since January 2012. In that capacity, he is responsible for North and South America, manufacturing coordination, production system development, investment planning, and environmental protection. He is also responsible for Industrial Technology including the Packaging Technology and Drive and Control Technology Divisions.
>
> Corporate Responsibilities:
> Industrial Technology
> Manufacturing Coordination
> Production System Development
> Investment Planning
> Environmental Protection
>
> Divisions:
> Packaging Technology
> Drive and Control Technology
>
> Regional Responsibilities:
> North America
> South America[6]

---

[3] The Court has insufficient facts regarding Bosch Engineering GmbH as to whether that entity might be served domestically. Bosch LLC notes that they are not aware of an entity known as Bosch Engineering North America (Dkt. 16 at 2 n.1). Yet Bosch Engineering GmbH lists one of its "locations" as "Bosch Engineering North America," a division of Bosch LLC, Farmington Hills, Michigan. http://www.bosch-engineering.de/en/de/ueber_uns/standorte/standorte_1.html

[4] This is distinct from the "Supervisory Board."

[5] http://www.bosch.us/en/us/our_company_1/bosch_board_of_management_1/bosch_executives_north_america.html.

[6] http://www.bosch.com/en/com/bosch_group/board_management/board_of_management.php.

These listed responsibilities are likely adequate for Struth to be servable as an "officer" or "managing or general agent" under Rule 4(h)(1)(B), an "officer" under Michigan Court Rule 2.105(d)(1) as incorporated by Rule 4(h)(1)(A), and a "director . . . or person in charge of an office or business establishment of the corporation" under Michigan Court Rule 2.105(d)(2) as incorporated by Rule 4(h)(1)(A).

The Court notes that Bosch LLC denies that Struth is an "officer" of either Bosch LLC or Bosch GmbH "for the purposes of Rule 4(h)(1)(B)," but Bosch LLC offered no explanation for why that might be. (Dkt. 28 at 5 n.9.)[7] Both the term "officer" and the term "managing or general agent" are undefined in the rules, and many courts have held that corporate employees with far less management responsibility than Struth may be considered "officers" or "managing or general agents" of a corporation. *See, e.g.*, 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1103 (3d ed. 2002).

If the primary concern with service of process is ensuring adequate notice to Robert Bosch GmbH, service upon "a Member of the Board of Management of Robert Bosch GmbH" such as Struth would certainly satisfy this concern. "[T]he Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"

---

[7] Though as Bosch LLC noted in its reply brief, that issue is not currently before the Court.

7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).[8]

## IV. CONCLUSION

Defendant Robert Bosch LLC's motion to vacate (Dkt. 16) the Court's April 25 order is GRANTED, such that

(1) The Court's April 25 Order (Dkt. 14) is VACATED and any service made under that order is QUASHED;

(2) Defendant Bosch LLC's Motion for Accelerated Resolution (Dkt. 17) is DENIED AS MOOT;

(3) Plaintiff may serve process on the German defendants as otherwise permitted by the Federal Rules of Civil Procedure; and

(4) Plaintiff has until December 1, 2013, to effect domestic service upon Defendants Bosch Engineering North America, Robert Bosch GmBH, and Bosch Engineering GmbH, and the summonses issued on December 26, 2012, will remain valid for that purpose until December 1, 2013. Alternatively, the summonses will remain valid for international service until October 1, 2014.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2013

---

[8] It is for this reason, and that Bosch LLC has not explained how alternative service would cause any harm or prejudice to Robert Bosch GmBH, that further litigation over service of process is strongly discouraged.

**Certificate of Service**

I hereby certify that this Order was electronically submitted on October 2, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
      Case Manager