UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREW TECHNOLOGIES, INC.,

                Plaintiff,

      v.                                        Case No. 12-15622

ROBERT BOSCH, L.L.C., et al.,            HON. TERRENCE G. BERG
                                        HON. MONA K. MAJZOUB

                Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT ROBERT BOSCH'S THIRD COUNTERCLAIM AND EIGHTH AFFIRMATIVE DEFENSE

This matter is before the Court on Plaintiff's June 14, 2013 motion to dismiss Defendant Robert Bosch's third counterclaim and eighth affirmative defense. The parties have fully briefed the motion, and oral argument was heard on August 7, 2013.

For the reasons set forth below, Plaintiff's motion (Dkt. 29) is GRANTED.

## I.   FACTUAL BACKGROUND

Plaintiff Drew Technologies has sued four "Bosch Entities," including Robert Bosch LLC ("Bosch"), for patent infringement. (Dkt. 6.) Plaintiff's primary claim is that the Bosch Entities violated United States Patent number 7,786,851 and United States Patent number 7,928,837, two patents held by Plaintiff. (Dkt. 6 at ¶ 1.) According to Plaintiff, both patents "disclose[] a data acquisition and display system for a motor vehicle . . . [that] collects and displays vehicle data while also permitting the configuration of multiple images communicating information from a vehicle's on-board computer in a display." (Dkt. 6 at ¶¶ 15, 34.) The amended complaint

alleges that the Defendants have infringed those two patents by "offering for sale infringing products, including at least the Bosch Display DDU 7, the Bosch Display DDU 8, instrument panel displays, and control modules for instrument panel displays used in various motor vehicles including at least the Cadillac XTS, Jaguar XJ[,] and Chevrolet Corvette Stingray . . . ." (Dkt. 6 at ¶ 8.)

In its amended answer, Bosch raises eight affirmative defenses and brings three counterclaims. (Dkt. 26.) In its eighth affirmative defense and third counterclaim, Bosch alleges that Drew Technologies committed inequitable conduct by intentionally failing to disclose material prior art, specifically United States Patent number 7,135,964, a patent held by a subsidiary of Bosch, when it applied for the patent that became United States Patent number 7,786,851 (one of the two patents Drew Technologies is seeking to enforce). (Dkt. 26 at 22–27, 32–39.)

Plaintiff has moved for dismissal of Bosch's third counterclaim and to strike the eighth affirmative defense for failure to state a claim upon which relief can be granted (Dkt. 29).

## II.   LEGAL STANDARDS

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint or counterclaim, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a

court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

For most claims, Federal Rule of Civil Procedure 8(a) requires that a plaintiff satisfy its pleading burden by drafting a "short and plain statement of the claim." Rule 9, however, requires that claims of fraud be supported with a statement detailing "with particularity the circumstances constituting fraud or mistake."

Inequitable conduct claims must be pleaded with particularity under Rule 9(b), and whether the pleading has met that standard is a question of Federal Circuit law. *See Exergen Corp. v. Wal-mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). To be pleaded with "particularity," a claim "'must be pleaded in detail . . . this means the who, what, when, where, and how' of the alleged fraud." *Id.* at 1327 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Although under Rule 9(b) "knowledge" and "intent" may be averred generally, Federal Circuit precedent "requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.*

A motion to strike an affirmative defense under Rule 12(f) will be granted if the defense is insufficient, if "as a matter of law, the defense cannot succeed under any circumstances." *Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997); *accord United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (holding that motions to strike are appropriate where they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case") (internal quotation marks omitted).

### III.   ANALYSIS

The elements of an inequitable conduct claim are: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific

4

intent to deceive the [United States Patent and Trademark Office]." *Exergen*, 575 F.3d at 1327 n.3. To plead such a claim, the pleader must "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [United States Patent and Trademark Office]," *id.* at 1328, and allege facts sufficient to "give rise to a reasonable inference of scienter, including both (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the [United States Patent and Trademark Office]." *Id.* at 1330.

Here, as in *Exergen* "the allegations are deficient with respect to both the particularity of the facts alleged and the reasonableness of the inference of scienter." *Exergen*, 575 F.3d at 1329. For these reasons, more fully explained below, Bosch's eighth affirmative defense and third counterclaim fail to state a claim upon which relief can be granted.

## A.    The Alleged Material Omission.

At the heart of Bosch's inequitable conduct affirmative defense and counterclaim is an allegation that Drew Technologies intentionally failed to disclose material prior art, specifically United States Patent number 7,135,964, a patent held by a subsidiary of Bosch, when it applied for the patent that became United States Patent number 7,786,851, one the patents Drew Technologies now seeks to enforce. (Dkt. 26 at 22–27, 32–39.)

### 1.    *Bosch has failed to properly plead the "who" of the material omission.*

Nearly all of the allegations in the affirmative defense and counterclaim are

directed toward the actions of "Michael Drew, Brian Herron and/or their representatives." (Dkt. 26 at 22–27, 32–39.) For example: "Michael Drew, Brian Herron and/or their representatives filed U.S. Patent Application No. 11/836,672" (Dkt. 26 at 22, 32); "[i]n drafting the '672 Patent Application, Mr. Drew, Mr. Herron and/or their representatives copied language from the '964 Patent into the '672 Patent Application" (*id.* at 23, 33); "[u]pon information and belief, Mr. Drew, Mr. Herron and/or their representatives knew that the '964 Patent was material to the patentability of the Asserted '851 Patent" (*id.* at 24, 34); "[a]s evidenced by their copying from the '964 Patent, Mr. Drew, Mr. Herron and/or their representatives knew the following passages from the '964 Patent were material to the patentability of at least claim 1 of the Asserted '851 Patent . . ." (*id.* at 26, 36).

These allegations fail because they do not adequately identify the "who," the specific "individual associated with the filing and prosecution of a patent application [who] . . . failed to disclose material information . . . ." *Exergen*, 575 F.3d at 1327 n.3. By alleging that "Michael Drew, Brian Herron *and/or* their representatives" (emphasis added) committed a particular act, Bosch has not alleged that any *one* of those individuals necessarily committed the particular act, nor has Bosch clearly pleaded any joint concert of action. Indeed, it appears from the pleading in the alternative that Bosch is uncertain who actually committed the act. The following factual scenarios could all fit within the allegations: Drew committed the act, but Herron and their representatives did not; Herron committed the act, but Drew and their representatives did not; neither Drew nor Herron committed the act, but their representatives did; Drew and their representatives committed the act, but Herron

6

did not; Herron and their representatives committed the act, but Drew did not; and

Drew and Herron committed the act, but their representatives did not. This is

insufficient as it does not identify the "who": the person or persons who committed

the acts constituting the elements of the defense. *See id.*; *see also Mitsubishi Heavy*

*Indus., Ltd. v. Gen. Elec. Co.*, 10-CV-812-ORL-28, 2012 WL 831525, at *2 (M.D. Fla. Mar.

12, 2012);[1] Bryan A. Garner, *Garner's Modern American Usage* 45 (3d ed. 2009) ("A

legal and business expression dating from the mid-19th century, *and/or* has been

vilified for most of its life—and rightly so. To avoid ambiguity, don't use it.").

> 2. *Bosch has properly pleaded the "what" and "where" of the material
>    omission.*

*Exergen* teaches that the "what" and "where" requirements are the identification

of "which claims, and which limitations in those claims, the withheld references are

---

[1] The Court in *Mitsubishi Heavy* explains this well:

> The double "and/or" conjunction is too often used by lawyers trying to cover all bases.
> Its use often has unintended consequences. Through the "and" part of the
> conjunction, GE has managed to lump the named inventors, attorneys, and agents
> together under the title "Applicants," and through the "or" portion GE has disjoined
> them; the result is that GE has failed to specifically identify who is guilty of
> misconduct. Looking at the Eighth Defense, it is impossible to determine who is
> alleged to have been engaged in deceptive conduct—one or more of the named or
> unnamed Applicants. *See Exergen*, 575 F.3d at 1329 (finding that reference to
> "Exergen, its agents and/or attorneys" failed to name the specific individual
> associated with the filing or prosecution of the application "who both knew of the
> material information and deliberately withheld or misrepresented it."). The Eighth
> Defense does not attribute a particular act or statement to a specific individual but
> instead refers to "Applicants."

> Moreover, a strict application of the "or" alternative of the double conjunction in this
> case results in an allegation that either the named inventors or some other
> individual or individuals engaged in deceptive conduct. The other individual or
> individuals, who remain unnamed, are perhaps the only ones to have engaged in the
> suspect behavior. Under this construction, GE certainly cannot be said to have made
> an allegation against a particular person.

*Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, 10-CV-812-ORL-28, 2012 WL 831525, at *2 (M.D.
Fla. Mar. 12, 2012).

relevant to, and where in those references the material information is found . . . ." In reviewing the claims, the Court concludes that Bosch has satisfied this requirement.

Plaintiff cites *Exergen* and three district court cases in support of its argument that Bosch failed to meet the "what" and "where" requirements. (Dkt. 29-1 at 6–7.) All four of the cited cases are distinguishable from this case.

In *Exergen*, the party pleading inequitable conduct had merely alleged that two previous patents were material to the patentability of the patents at issue. *See Exergen*, 575 F.3d at 1325–26. The Court noted that this was insufficient because "the pleading failed to identify which claims, and which limitations in those claims, the withheld references are relevant to . . . ." *Id.* at 1329. Here Bosch identified the specific claim to which the withheld reference is relevant: "[t]he passages of the '964 Patent material to the patentability of at least claim 1 of the Asserted '851 Patent include . . . ." (Dkt. 26 at 36.) While the allegations could be clearer, by referencing "at least claim 1 of the Asserted '851 Patent" Bosch is alleging that *every limitation* in claim 1 is "anticipated or rendered obvious based on the '964 Patent . . . ." (*Id.*)

The district court cases cited by Plaintiff fail to support its argument. (Dkt. 29-1 at 6–7.) In *Itex, Inc. v. Westex, Inc.,* the Northern District of Illinois found a very similar allegation insufficient to allege "*why* [the] information would have been considered material," but contrary to Plaintiff's argument it did *not* find that the allegation was insufficient as to the "what" and "where" requirements. *Itex, Inc. v. Westex, Inc.*, No. 05-CV-6110, 2010 WL 2901793, at *6 (N.D. Ill. July 21, 2010) (emphasis added).  In *MOSAID Technologies, Inc. v. Freescale Semiconductor, Inc.,*

the Eastern District of Texas found that the "what" and "where" pleading requirements were sufficient in the allegation: "the PowerMizer feature practices every limitation of [36 numbered] claims of the '885 Patent," but found the allegation "the PowerMizer feature is relevant to claims 1–74 in the '811 Patent" to be insufficiently precise as to the "what" and "where" requirements. *MOSAID Techs., Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-173, slip op. at 8 (E.D. Tex. Sept. 27, 2012). The first allegation above (regarding the 885 patent) states that the challenged feature relates to "every limitation" of 36 specific claims, while the second allegation (regarding 811 patent) vaguely states that the feature is "relevant" to 74 claims, without specifying any limitations in any of those claims. In this case, although they could be more narrowly drawn to identify individual limitations, Bosch's allegations are similar to the 885 Patent claim found to be sufficient in MOSAID because, like those allegations, Bosch appears to be claiming that every limitation in claim 1 of the 851 Patent is anticipated or rendered obvious by the passages of the 964 patent. Bosch also sufficiently identified where in the withheld reference the allegedly material information is found. (Dkt. 26 at 26, 36.)

> ### 3. *Bosch has failed to properly plead the "why" and "how" of the material omission.*

In *Exergen*, the party alleging inequitable conduct alleged that the withheld references were "'material' and 'not cumulative to the information already of record' . . . ." *Exergen*, 575 F.3d at 1329. The Court found that allegation insufficient, holding that an allegation of inequitable conduct must include identification of "the particular claim limitations, or combination of claim limitations, that are

9

supposedly absent from the information of record." *Id.* Bosch's pleading has not met this standard.

**B.     Knowledge and Intent to Deceive.**

As the Federal Circuit explained in *Exergen*, "[a]side from the[] factual deficiencies, which themselves are fatal under Rule 9(b), the facts that are alleged do not give rise to a reasonable inference of scienter, including both (1) knowledge of the withheld material information . . .  and (2) specific intent to deceive the" United States Patent and Trademark Office. *Id.* at 1330.

Although written in many ways throughout numerous paragraphs in both the affirmative defense and the counterclaim, there is essentially one point Bosch makes regarding Plaintiff's alleged knowledge of the materiality of the 964 patent and its intent to deceive the Patent Office: certain passages of Drew's Patent 851 are identical to certain passages of Patent 964, and that is clear evidence that Plaintiff copied from Bosch's earlier patent when it applied for its own patent. (Dkt. 26 at 22–27, 32–39.) These allegations are insufficient to establish that Plaintiff had knowledge of the withheld material information, and also fail to establish specific intent to deceive the Patent Office. Bosch's arguments of egregious misconduct are also unavailing.

The alleged extensive copying, which is limited to language in the "background information" section,[2] is sufficient to establish knowledge of the existence of the

---

[2] The fact that all of the allegedly copied language is from the "background information" section of the earlier patent, and also contained in the "background information" section of the later patent is important. All of that language is about how vehicles, vehicle diagnostic systems, scan tools, and vehicle sensors work and the roles they play *generally*—none of it concerns the specific invention or claims of either patent. A comparable situation in the world of civil litigation might be if one lawyer's

earlier patent, but it is insufficient to establish knowledge of the material information held within that patent, as is required by the law. *See Exergen*, 575 F.3d at 1330.

Further, intent to deceive may not be inferred simply from materiality. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). Bosch has not alleged any facts supporting its conclusory allegation of specific intent to deceive other than the alleged copying from the background section, which at best might support only a finding of materiality.[3] *See Exergen*, 575 F.3d at 1330, 1330 n.7.

Lastly, Bosch's claim of egregious misconduct by Plaintiff is unsupported by the allegations. "Because neither mere nondisclosure of prior art references to the PTO nor failure to mention prior art references in an affidavit constitutes affirmative egregious misconduct," *Therasense*, 649 F.3d at 1292–93, Bosch's position must be that copying the background section was egregious misconduct. Examples of "egregious misconduct" provided in *Therasense* include: "the filing of an

---

brief relied heavily on the generic "standard of review" section taken from a brief drafted by another attorney—such a circumstance would say very little about whether the arguments in the second lawyer's brief had any relationship to the arguments made the earlier brief.

[3] And as discussed above, copied language from a background information section does not necessarily indicate materiality. Some of the language that Bosch alleges Drew egregiously copied from United States Patent 7,135,964 also appeared in two patents that were issued *before* the 964 patent; these were United States Patents 6,988,053 and 7,069,125, submitted by the same applicant who submitted 964. Other patents issued after the 964 patent, besides Drew's 851 patent, also contain some of the same background language. These later patents include US patents 7,584,030; 7,751,953; 7,974,750; and 8,340,856. In patent 7,974,750, more than two-thirds of its "background information" section contains language copied directly from the earlier patents US 6,988,053, 7,135,964, and 7,069,125. Given that the 750 patent was issued to the same inventor who received the three prior patents, it may not be surprising that it did not specifically cite to the prior background language. But if 6,988,053, 7,135,964, and 7,069,125 were in fact prior art to 750 (rather than merely sources of useful general background language) one would have expected 750 to list those prior patents as references, even if they were held by the same inventor. The point is that the use in a new patent of language from the background section of an earlier patent does not establish the materiality of the prior patent.

unmistakably false affidavit"; the "manufacture of false evidence"; "perjury and suppression of evidence"; and "bribery and suppression of evidence." The Court finds that the alleged copying identified here does not amount to egregious misconduct, particularly given that the allegations do not establish that Plaintiff was aware of the material portions of the withheld patent.

## IV.   CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Plaintiff's motion (Dkt. 29) is GRANTED, that Defendant Bosch LLC's eighth affirmative defense is STRICKEN, and that Defendant Bosch LLC's third counterclaim is DISMISSED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 13, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager